The opinion of the Court was delivered by

M>'. Justice Colcock.

•The argument of the counsel has gone shew that a chattel may pass by a verbal assignment and delivery. Ido not doubt but that an equitable interest may pass by such a transfer, but the question is, whether such an assignee of a note, not negotiable, can maintain action in his own name. No assignee of a bond or non-negotiable paper could at the commou law mantain an action in his own name. But these transfers being frequently made and it being sometimes attended with inconvenience to sue in the name of the obligee or payee, the legislature thought proper to pass the act of 1798, authorising assignees of bonds or other non-negotiable paper to sue in their own names; and the question is who are meant by the wovdjissigriees in the act. The act, it is to be remarked, speaks of bonds first. . Now who ever heard of a bond being assigned by a verbal transfer of the right? The general rule of law is that the assignment must be of equal validity with the things assigned; so that generally the assignment of a bond was not only m writing, but under seal; and of any other contract, less than specialty, by some writing. And this indeed is indispensably necessary from the nature of the thing. *336 For how is the obligor of a bond or the maker of a non-negotiable paper to know that he is safe in paying his bond or note to any one who may present it without a written assignment or order to pay it? When a paper is thus transferred, it is certainly an exception to the usual mode of doing business, and such an exception as the law ought not to provide for; for the law should never encourage men to conduct their business in a loose manner. It is a very easy matter to write an assignment. If any additional reasons were wanting, why such an action should not be maintained, I think it would tend to encourage perjuries. The motion is dismissed.
Barnwell, for motion.
Clarice, contra,
Ray, JYott, Gantt and Richardson, Justices, concurred.